**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 5:03CR00019-003 |
| | § | |
| LEON EDWARD COLLINS | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On May 23, 2007, the court held a hearing on the government's Petition to Revoke Supervised Release. The government was represented by Assistant United States Attorney Gregg Marchessault. The defendant was represented by Mr. John Stroud.

Leon Collins was sentenced on December 1, 2003, before The Honorable U.S. District Judge David Folsom of the Eastern District of Texas after pleading guilty to the offense of Transportation of a Stolen Motor Vehicle, and Aiding and Abetting, a Class C felony. This offense carried a statutory maximum imprisonment term of ten (10) years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 15 to 21 months. Leon Edward Collins was subsequently sentenced to sixteen (16) months in prison followed by three (3) years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare services and a $100 special assessment. On August 6, 2004, Leon Edward Collins completed his period of imprisonment and began service of the supervision term.

On June 12, 2006, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall refrain from any unlawful use of a controlled substance. Specifically, the government alleges as follows: On January 6, 2006, Mr. Collins submitted a urine specimen that

tested positive for the use of cocaine.  Mr. Collins admitted to using cocaine from some point after Christmas day up until January 3, 2006.  On March 3, 2006, Mr. Collins submitted a urine specimen that tested positive for the use of cocaine.  On April 5, 2006, Mr. Collins submitted a urine specimen that tested positive for the use of cocaine.  Mr. Collins admitted to said use.  On May 26, 2006, Mr. Collins submitted a urine specimen that tested positive for the use of cocaine.  Mr. Collins admitted to said use.

2) The defendant shall participate in a program of testing and treatment for drug abuse, under guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.  Specifically, the government alleges as follows: During the time period that Mr. Collins was in Mississippi from March 16th to April 1st, 2006, Mr. Collins missed his substance abuse counseling sessions and scheduled drug tests without permission from the U.S. Probation Office.  It is additionally alleged that Mr. Collins violated this condition by not submitting urine specimens for testing as instructed as part of the random drug testing program on May 18th and May 23rd, 2006.

3)  The defendant shall not leave the judicial district without permission of the court or probation officer.  Specifically, the government alleges as follows: On March 30, 2006, the U.S. Probation Office learned that Mr. Collins had traveled to Mississippi and was expected to return on or about April 1, 2006.  On April 5, 2006, Mr. Collins admitted to traveling to Mississippi leaving on or about March 16th, and returning on or about April 1st, 2006.  Mr. Collins did not have permission from the U.S. Probation Office to travel outside the district.

The court scheduled a revocation hearing for May 23, 2007.  At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled

true to all of the allegations as set forth above. Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to all of the allegations as set forth in the government's petition be **ACCEPTED**. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow such term of imprisonment.

Each party waived its right to file objections to the recommendations as set forth above.

SIGNED this 31st day of May, 2007.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE